PER CURIAM.
|,We grant certiorari in this matter in order to reverse the ruling by the court of appeal which had reversed in part the decision of the Civil Service Commission.
Miochi Sumling was a permanent classified employee of the Department of Health of the City of New Orleans. She worked for the Department at a clinic for homeless persons in the city. On January 23, 3012, Ms. Sumling was directed to attend a pre-termination hearing with the Executive Director of the clinic and the Assistant Deputy Director of the Department of Health. Following the hearing, Ms. Sumling was issued a termination letter which informed her that her termination was effective that same day, that a pre-termination hearing had been conducted that morning, and that the pre-termination hearing had been related to several violations of the New Orleans Health Department Employee manual which had happened between December 27, 2011, and January 3, 2012, as well as other incidences which had occurred over the past year, including on June 6, 2011, and August 3 and 4, 2011.
The court of appeal found that the record contained sufficient cause to discipline Ms. Sumling, but that the evidence presented did not merit the imposition of termination.
As stated by the court of appeal:
[A]n appellate court should affirm the Commission’s conclusions as to the existence or cause for dismissal of a permanent employee when 12the decision is not arbitrary, capricious, or an abuse of the Commission’s discretion. Additionally, ... “[t]he decision of the Civil Service Commission is subject to review on any question of law or fact upon appeal ..., and th[e] court may only review findings of fact using the manifestly erroneous/clearly wrong standard of review.” When there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review. The Commission’s findings of fact cannot be manifestly erroneous where there are two permissible views of the evidence, [citations omitted].
Sumling v. Dep’t of Health, 2013-0346 (La.App. 4 Cir. 6/4/14), 144 So.3d 101, 104 (La.Ct.App.2014).
The court of appeal focused upon Ms. Sumling’s conduct during the eight-day period from December 27, 2011, to January 3, 2012, in finding that termination was excessive and lacked a rational basis. As Judge Lobrano noted in his dissent, though,
[WJhile the termination letter sent to Sumling detailed certain incidents that occurred between December 27, 2011 and January 3, 2012, the letter also stated that there were several documented incidents in the year prior to her termi *136 nation where Sumling did not complete tasks that she knew were her responsibility. That statement is supported by testimony presented at the hearing. Dr. Roberta Berrien, the Medical Director of the clinic, testified that she worked closely with Sumling from November 2011 until her termination on January 23, 2012, and that Sumling’s work performance “wasn’t up to par.” She also stated that during the time that she worked with Sumling, patients were not appropriately prepped for visits, items needed were not in the examination rooms and requested referrals had not been obtained. In her role as supervisor of nurse practitioners, Dr. Berrien regularly heard from them regarding similar deficiencies in Sumling’s work performance. Patrice Williams, the Executive Director of the clinic, testified that Sumling received several warnings in the 1 ½ year period prior to her termination, and Williams had personally spoken to Sumling several times about the fact that she was not performing her job duties well and needed to improve.
Sumling v. Dep’t of Health, 2018-0346 (La.App. 4 Cir. 6/4/14), 144 So.3d 101, 112-13 (La.Ct.App.2014).
Based upon the evidence presented at the hearing regarding Ms. Sumling’s substandard job performance for the one and one-half year period prior to the | ¡¡hearing, it is evident that the Commission’s decision to terminate her employment was not arbitrary and capricious or characterized by an abuse of discretion.
For these reasons, we reverse the decision of the court of appeal and reinstate the decision of the Civil Service Commission terminating Ms. Sumling’s employment.
WRIT GRANTED; REVERSED.
JOHNSON, C.J., dissents.
WEIMER, J., would grant and docket.